## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

JOSE LUIS REGUERO,

                Plaintiff,

v.                                         Case No:  2:13-cv-97-FtM-38DNF

AIRPORT TERMINAL SERVICE
(A.T.S.), HERTZ CORPORATION,
HERTZ, TRANSPORTING INC.,
EDISON FORT MYERS COMPANY,
PARTNER HERTZ CORPORATION
OR INDEPENDANT CONTRACTOR
OR UNKNOWN, IF ANY, ANY ALL
UNKNWON PARTIES CLAIMING
BY, THROUGH, UNDER, AND
AGAINST THE HEREIN NAMED,
OTHER IDENTIFIABLE LEGAL
ENTITIES RELATED, DELTA
AIRLINES, A/C APPLIANCE
KEEPERS, INC., ADVANCE AIR &
REFRIGERATION, INC., ALPINE
AIR CONDITIONING & HEATING,
INC., AMERICAN RESIDENTIAL
SERVICES OF FLORIDA, INC., AIR
TECHNIQUES HEATING &
COOLING LLC., CLIF BETTS
HEATING & COOLING, INC.,
CLIMATE SOLUTIONS, INC.,
COASTAL COOLING INC.,
COMFORT ZONE INC., COOL
RUSH AIR, INC., CUSTOM
COOLING & HEATING, INC.,
DYNAMIC AIR OF SW FLORIDA,
GULF SHORE COOLING, J & D
HEATING AND A/C INC., KENMARK
AIR, MODERN SERVICE FOR
HOME & BUSINESS, REYNOLDS
HOME COMFORT, INC.,
SANDUSKY SERVICES, SEA AIR
OF LEE COUNTY, INC., SERVICE
EXPERTS HEATING & AIR
CONDITIONING, SOLOMONS A/C &
APPLIANCE, INC., SOUTHERN
REFRIGERATION & AIR

CONDITIONING , INC., SUNSET
AIR, INC., SYNERGY AIR,
TOROCCOS COOLING AND
HEATING, LLC., A A
TEMPERATURE SERVICES, INC.,
BARNES MECHANICAL
INSULATION, DAVISON
INSULATION & ACOUSTIC,
GARDEN STREET IRON & METAL,
INC., GENERAL INSULATION, CO.,
JW INSULATION, OCONNELL
INSULATION CO., INC., RICE
INSULATION & GLASS,
SOUTHWEST INSULATION INC.,
TRI CITY INSTALLATIONS TCI,
WEST COAST INSULATION,
AMERICAN BEST VALUE INN,
AMERICAN REALITY OF CAPTIVA,
INC., BAYMONT INN AND SUITES,
BAY TO BEACH, BEACH SHELL
INN, BEST WESTERN AIRPORT
INN, BEST WESTERN PLUS
BEACH RESORT, BLUE DOLPHIN
COTTAGES, CASA PLAYA
RESORT, COMFORT INN & SUITES
AIRPORT, CROWNE PLAZA
HOTELS & RESORTS, DAYS INN
FORT MYERS, DIAMOND HEAD
BEACH RESORT HOTEL, EDISON
STATE COLLEGE, FAIRFIELD INN
BY MARRIOTT FORT MYERS,
FLORIDIAN AIRPORT INN OF FT.
MYERS, GRANDSTAY HOTEL &
SUITES, GULF BREEZE COTTAGE
& MOTEL, GULL WING BEACH
RESORT, HILTON GARDEN INN,
HOLIDAY INN SANIBEL,
HOMEWOOD SUITES BY HILTON,
HOWARD JOHNSON, LAHAINA
VACATION RENTALS, LAQUINTA
AT THE AIRPORT, LEE COUNTY
PORT AUTHORITY, SOUTHWEST
FLORIDA INTERNATIONAL
AIRPORT, MONTEGO BAY,
MYSTIC GARDENS, NEPTUNE INN,
OUTRIGGER BEACH RESORT,

PERIWINKLE MOTEL, POINTE
ESTERO BEACH RESORT,
QUALITY SUITES AIRPORT,
RESIDENCE INN MARRIOTT,
SANDPIPER INN, SANIBEL
HOLIDAY, SEA SIDE ALL SUITE
RESORT, SHALIMAR,
SHIPWRECK, SIGNAL INN BEACH,
SPRINGHILL SUITES BY
MARRIOTT, STANLEY STEEMER,
SUBURBAN HOTEL, SUN STREAM
HOTEL RESORT, SUPER 8,
TARPEN TALE INN, THE BRITTANY
APARTMENTS, THE GULF MOTEL,
THE PLANTATION GOLF &
COUNTRY CLUB, TOSS, INC.,
TWIN WATERS, INN, VALUE
PLACE, WATERTON RESIDENTIAL
COMMUNITY, WATERSIDE INN ON
THE BEACH, BLUE POINT OYSTER
BAR & SEAFOOD GRILL, BRATTA
RISTORANTE, BUCA DI BEPPO,
FISHERY RESTAURANT,
GRIMALDIS BELL TOWER, HMS
HOST, LAISHLEY CRAB HOUSE,
MELS DINER, MILLER FORT
MYERS ALE HOUSE, OUTBACK
STEAKHOUSE, SNOOK HAVEN
RESTAURANT, T.G.I. FRIDAYS,
VILLAGE FISH MARKET
RESTAURANT & LOUNGE, WILD
HOUSE SPORTS BAR & GRILL,
AFFORDABLE ROOFING &
GUTTERS, ADVANCED ROOFING
AND SHEET METAL, ALL
AMERICAN ROOFING, A-Z
ROOFING, CUSTOM ROOFING
INC., DURA-LOC ROOFING
SYSTEMS, FLORIDA STATE
ROOFING & CONSTRUCTION,
INC., FRANKS ROOFING & SPRAY
CO., LATITE ROOFING SHEET
METAL CO. and NASTAR
ROOFING,

          Defendants.

_____/

## ORDER

This matter comes before the Court on Defendant Airport Terminal Service's Motion to Dismiss (Doc. #22) filed on April 8, 2013, Defendants Hertz Corporation and Hertz Transporting, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc. #29) filed on April 22, 2013, Plaintiff's Response to Defendant Hertz's Motion to Dismiss (Doc. #37) filed on April 24, 2013, Defendant Edison Fort Myers Company's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. #43) filed on May 7, 2013, and Plaintiff's Response to Defendant Edison Fort Myers Company's Motion to Dismiss (Doc. #50) filed on May 13, 2013.  The Motions are ripe for review.

Defendant has brought this lawsuit against 115 companies pursuant to Title VII, Fair Labor Standards Act, and Equal Pay Act.  From what the Court can discern from the Amended Complaint (Doc. #15), Plaintiff was allegedly discriminated against by the Defendant companies for their firing him or for failing to hire him when he applied for a job with the company based upon "discrimination for national origin and accent discrimination."  It appears from the Amended Complaint, that Plaintiff had only sent his resumes for employment to some of the Defendants.  (See Doc. #15, p. 30).  Three Defendants which have been served have moved to dismiss the action for failure to plead as required by Federal Rule 8, as well as on the grounds that there is no evidence that Plaintiff has exhausted his administrative remedies with the EEOC prior to filing suit, and for failure to state a claim.

## Title VII Claims

Plaintiff must meet the conditions precedent to filing employment discrimination claims against the Defendants prior to filing this lawsuit.  See Jackson v. Seaboard

Coast Line R.R. Co., 678 F.2d 992, 1010 (11th Cir. 1982) (citing Fed. R. Civ. P. 9(c) and noting that "a plaintiff must generally allege in his complaint that 'all conditions precedent to the institution of the lawsuit have been fulfilled.'"); Wheeler v. American Home Prods. Corp., 582 F.2d 891, 897 (5th Cir. 1977) (requiring plaintiffs to exhaust their administrative remedies before bringing suit under Title VII).[1]   In the employment discrimination context, that requires an allegation that the plaintiff filed a charge against the defendant with the EEOC and "receive[d] statutory notice from the EEOC of [his] right to sue the [defendant] named in the charge." Forehand v. Fla. State Hosp. at Chattahoochee, 89 F.3d 1562, 1567 (11th Cir. 1996); 42 U.S.C. § 2000e-5(f)(1). "The purpose of this exhaustion requirement 'is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.'" Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1279 (11th Cir. 2004) (alteration in original). Without timely contact with an EEO counselor and other subsequent administrative remedies, the Court cannot consider the aggrieved person's complaint. Baldwin Co. Welcome Ctr. v. Brown, 466 U.S. 147, 152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984).

In this case, there is no indication in the record that Plaintiff has exhausted his administrative remedies as to *each* of the 115 Defendants with regard to his allegations of national origin discrimination under Title VII.[2]   Thus, the Court finds that Plaintiff's

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[2] There is a letter from the EEOC, Miami District Office, included with Plaintiff's Amended Complaint, regarding an EEOC charge filed by Plaintiff against Defendant Airport Terminal Services, which acknowledges receipt of a request for copies from the investigation file, but is not a notice of right to sue letter.  Further, there is a page attached to the Amended Complaint that includes information related to

Amended Complaint is dismissed without prejudice as to the Title VII claims against each of the 115 Defendants.  Plaintiff will be afforded the opportunity to file a second amended complaint which alleges that he has exhausted his administrative remedies as to each Defendant.  Plaintiff must attach supporting documentation showing that he received a notice of right to sue letter prior to filing of this lawsuit so that the Court may determine whether the conditions precedent to filing this lawsuit have been met.

### Equal Pay Act Claims

With regard to Plaintiff's Equal Pay Act claim, Defendants move to dismiss pursuant to Federal Rule 12(b)(6) for failure to state a claim.  Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. Fed .R .Civ. P. 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Detailed facts are not necessary, but a claim must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of the harm alleged. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).  "We have explained that the Rule 8(a)(2) pleading standard articulated by the Supreme Court in Twombly is "one of 'plausible grounds to infer.'"  Secretary of Labor v. Labbe, 319 F. App'x 761 (11th Cir. 2008) (citing Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). To state a claim with sufficient specificity "'requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. The

---

filing suit under the laws enforced by the EEOC, but there is no indication that this is a right to sue letter for a specific EEOC charge filed by the Plaintiff.  (See Doc. #15, p. 28-29).

rule "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 1296.   Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).   "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id.

It is not clear from the Amended Complaint (Doc. #15) which Defendants Plaintiff is bringing an Equal Pay Act claim against as Plaintiff has not included allegations against each individual Defendant.   Rather, a list of 115 Defendants is attached to the Amended Complaint.   (Doc. #15, pp. 31-39).   Plaintiff just cursorily mentions the Equal Pay Act.   "To establish a prima facie case of discrimination under the Equal Pay Act, a plaintiff must show that his or her employer paid employees of the opposite sex 'for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.'" Edwards v. Fulton County, 2013 WL 563157, at *2 (11th Cir. Feb. 15, 2013) (citing 29 U.S.C. § 206(d)(1)).   In this case, there is no indication in the Amended Complaint that Plaintiff is complaining that he was discriminated on the basis of his gender; rather, Plaintiff complains that he was discriminated based upon his national origin.[3]   Thus, Plaintiff's Equal Pay Act claim is dismissed for failure to state a claim and Plaintiff will be allowed a chance to amend.   Plaintiff must list those Defendants under the Equal Pay Act count which he alleges have violated the Act.   The Court assumes this will not be all of the Defendants as Plaintiff has not in fact worked for all 115 Defendants.

---

[3] Plaintiff does mention that he is 50-years old but it is not clear if he is alleging age discrimination.

## <u>Fair Labor Standards Act Claims</u>

With regard to Plaintiff's FLSA claims, Plaintiff fails to set forth a separate count for violations of the FLSA and fails to allege how each of the 115 Defendants violated the FLSA.  Under to the FLSA, "the elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act."  <u>Labbe</u>, 319 F. App'x at 763 (citing 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5)).  This type of disjointed pleading wastes judicial resources if left uncorrected, because they "make it difficult, if not impossible, to set the boundaries for discovery," leading to disputes that will inevitably require the court to "intervene and require the parties to narrow the issues," which could have been done at the outset of the case.  <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1129-30 (11th Cir. 2001), abrogated on other grounds by <u>Douglas Asphalt Co. v. QORE, Inc.</u>, 657 F.3d 1146 (11th Cir. 2011).  Hence, the importance of ordering repleader to reduce such disjointed claims to the bare essentials "cannot be overstated."  <u>Id.</u> at 1132.  The Court finds that Plaintiff has failed to allege facts sufficient to meet the threshold pleading requirements of Rule 8(a)(2) as articulated in <u>Twombly</u>.  Plaintiff must list those Defendants under the FLSA count which he alleges have violated the FLSA.  The Court assumes this will not be all of the Defendants as Plaintiff has not in fact worked for all 115 Defendants.  Plaintiff will be allowed to amend.

Accordingly, it is now

**ORDERED:**

(1) Defendant Airport Terminal Service's Motion to Dismiss (Doc. #22) **is GRANTED**.

(2) Defendants Hertz Corporation and Hertz Transporting, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc. #29) is **GRANTED**.

(3) Defendant Edison Fort Myers Company's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. #43) is **GRANTED**.

(4) Plaintiff's Amended Complaint (Doc. #15) is **DISMISSED without prejudice**.

(5) Plaintiff shall have up to and including **July 3, 2013** to file a second amended complaint in accordance with the above. **Failure to file a second amended complaint will result in this action being dismissed and closed without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida this 14th day of June, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record